**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| CRAIG HILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00026-HEA |
| | ) | |
| TOMMY GREENWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. The complaint in this case purports to be brought by two separate plaintiffs, both of whom are inmates at the Pemiscot County Jail in Caruthersville, Missouri: Craig Hill and James Stewart. The action arises under 42 U.S.C. § 1983, and alleges constitutional violations against Sheriff Tommy Greenwell, Chief Tony Jones, and two unknown insurance companies that supposedly insure Greenwell and Jones. (Docket No. 1 at 2-3). In the complaint, plaintiffs broadly allege violations of the First and Fourteenth Amendments, asserting they have been denied access to the courts. (Docket No. 1 at 5). A supplement to the complaint filed by plaintiff Hill alone presents additional allegations regarding "tampering" of his "medical treatment." (Docket No. 7).

Both plaintiffs appear to have signed the complaint, the motion for leave to proceed in forma pauperis (Docket No. 2), and the motion to appoint counsel (Docket No. 3). However, only plaintiff Hill has produced an inmate account statement. (Docket No. 5). Moreover, subsequent filings, including an "amendment" (Docket No. 4), a letter to the Clerk of Court (Docket No. 6), and a supplement (Docket No. 7), have been filed solely by Hill.

This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure.[1] *See, e.g., Georgeoff v. Barnes*, No. 2:09-cv-14-ERW (E.D. Mo. May 18, 2009). There are several reasons for this. First, the Prison Litigation Reform Act (PLRA) requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Multiple filing fees cannot be collected for one case filed by multiple plaintiffs. Thus, the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple-plaintiff case subject to the PLRA. *See* 28 U.S.C. § 1914. As such, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Second, courts have noted that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396, at *2 (D. N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

*Id.* (quoting *Swenson v. MacDonald*, 2006 WL 240233, at *4 (D. Mont. Jan. 30, 2006)).

---

[1] Rule 20 allows permissive joinder of plaintiffs in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

2

Third, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under 28 U.S.C. § 1915(g). That is, so long as one of the prisoners' claims is viable, a strike cannot be imposed, because § 1915(g) requires that an entire action be dismissed to count as a strike. Prisoners may not circumvent the PLRA penalties associated with filing frivolous actions by joining claims under Rule 20.

Fourth, plaintiff Hill appears to be adding factual allegations unconnected to his original complaint, which are unique to him, and do not seem to involve plaintiff Stewart.

For all these reasons, the Court will not allow plaintiffs Hill and Stewart to proceed jointly in this action. As plaintiff Hill has submitted an inmate account statement, and has filed additional documents in his name alone, the Court will strike Stewart from this case and order the Clerk of Court to open a new case for him. Nothing in this Opinion, Memorandum and Order should be construed as precluding plaintiffs from cooperating to the extent that they are able, or as preventing consolidation of their cases for trial if that becomes appropriate at a later date. Once plaintiff Stewart has been stricken from this case, this matter will proceed with plaintiff Hill only.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **STRIKE** plaintiff James Stewart from this action.

**IT IS FURTHER ORDERED** that, using the complaint filed in the instant case, the Clerk of Court shall open a new prisoner civil rights case for James Stewart.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Opinion, Memorandum and Order in James Stewart's new case.

Dated this 20th day of May, 2022.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE