**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JAMES STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-CV-66 SPM |
| | ) |
| TOMMY GREENWELL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of Plaintiff James Stewart's self-represented complaint. For the reasons discussed below, the Court will order Plaintiff to file a signed, amended complaint on a court-provided form. Plaintiff will also be directed to either pay the full $402 filing fee or file a new motion to proceed *in forma pauperis*. The motion to proceed *in forma pauperis* currently before the Court contains no financial information and will be denied as defective.

### Background

On March 11, 2022, Plaintiff James Stewart and another inmate at the Pemiscot County Jail, Craig Hill, filed a joint complaint with this Court under 42 U.S.C. § 1983. *See Hill v. Greenwell*, No. 1:22-CV-26-HEA (E.D. Mo.). The joint § 1983 complaint alleges constitutional violations against Sheriff Tommy Greenwell, Chief Tony Jones, and two unknown insurance companies that supposedly insure Greenwell and Jones. ECF No. 1 at 2-3. Because the Court does not allow multiple prisoners to join together in a single lawsuit under Federal Rule of Civil Procedure 20, Stewart was severed from the case and the instant case was opened on his behalf. *See* ECF No. 4. The joint complaint and other motions filed in the initial case were used to open the instant case.

Both Hill and Stewart's signatures appear on the complaint, the motion for leave to proceed *in forma pauperis*, and the motion to appoint counsel. *See* ECF Nos. 1-3. However, unlike the signature on the complaint, Stewart's signature on the two motions appears to be in the same handwriting as Hill's (and the same handwriting appearing on the rest of the two motion documents). *See* ECF Nos. 2 at 2 & 3 at 1. In addition, unlike Hill, Stewart has not filed an inmate account statement, or any supplemental filings clarifying his claims. *See Hill*, No. 1:22-CV-26-HEA, ECF Nos. 5-7.

### Discussion

Based on the pleadings currently before the Court, it is not clear that Plaintiff Stewart wishes to pursue this § 1983 case on his own. Furthermore, the Court is cognizant of the potential consequences to Plaintiff's future ability to obtain *in forma pauperis* status were this action to proceed to a dismissal based on frivolity, maliciousness, or failure to state a claim. *See* 28 U.S.C. § 1915(g) (the "three strikes" provision of the Prison Litigation Reform Act limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim). Therefore, the Court must ensure that Plaintiff wishes to proceed independently in this matter and will require Plaintiff to file an amended complaint on a court-provided form, asserting only his own claims. Additionally, the motion to proceed *in forma pauperis* currently before the Court is defective and will be denied. Plaintiff will be ordered to file a new application for leave to proceed *in forma pauperis* or pay the full $402 filing fee. Plaintiff will have thirty (30) days to comply with this Order.

### A. Motion to Proceed *In Forma Pauperis*

Under the Local Rules of this Court: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided

by the Court.  The Court may require the submission of additional information in a particular case." E.D. Mo. L.R. 2.05(A).  Additionally, the Clerk can return any complaint submitted for filing *in forma pauperis* that is not accompanied by an affidavit as required by 28 U.S.C. § 1915(a).  E.D. Mo. L.R. 2.05(C).  Under 28 U.S.C. § 1915(a)(1), the affidavit should include "a statement of all assets."  Furthermore, under Federal Rule of Civil Procedure 11, every written motion must be signed "by a party personally if the party is unrepresented."

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  *In forma pauperis* status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).  Determining whether to grant or deny *in forma pauperis* status under § 1915 is within the sound discretion of the trial court.  *Lee*, 231 F.3d at 458.

In this case, Plaintiff has purportedly signed the motion to proceed *in forma pauperis*; however, the motion contains only illegible markings.  *See* ECF No. 2.  As this filing contains no financial information, it is deficient for determining eligibility for *in forma pauperis* status.  The motion will be denied.  In order for this case to proceed, Plaintiff will need to either file a new motion for leave to proceed *in forma pauperis* with the required financial information or pay the full $402 filing fee.  Because Plaintiff is currently incarcerated, he must also provide the Court with a certified prison account statement detailing the six months of his account activity prior to filing the complaint.

### B. Amended Complaint

The complaint currently before the Court alleges violations of the rights of both Plaintiff Stewart and fellow inmate Craig Hill. While federal law authorizes Plaintiff to plead his own case personally, he lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that, in general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Moreover, a non-attorney, self-represented litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654; *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Because Plaintiff is self-represented, the Court will give him the opportunity to file a signed, amended complaint setting forth his own claims for relief. Plaintiff should type or neatly print his amended complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the

4

defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that Plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). It is not enough for Plaintiff to make general allegations against all the defendants as a group. Rather, Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

**Conclusion**

Plaintiff will be given thirty (30) days in which to comply with this Order. Failure to submit an amended complaint on a Court-provided form, and to either pay the $402 filing fee or file a motion to proceed *in forma pauperis* accompanied by an account statement, will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to Plaintiff blank copies of the Court's 'Prisoner Civil Rights Complaint' and 'Application to Proceed in District Court without Prepaying Fees or Costs' forms.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the $402 filing fee or file an application to proceed without prepayment within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff files an application to proceed without prepayment, he must also file a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**IT IS FINALLY ORDERED** that if Plaintiff fails to timely comply with this Order, the Court will dismiss this action without prejudice and without further notice.

                                                            */s/ Shirley Padmore Mensah*
                                                           SHIRLEY PADMORE MENSAH
                                                           UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of August, 2022.