**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JAMES STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-CV-66 SPM |
| ) | |
| TOMMY GREENWELL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On March 11, 2022, Plaintiff James Stewart and another inmate at the Pemiscot County Jail, Craig Hill, filed a joint complaint with this Court under 42 U.S.C. § 1983. *See Hill v. Greenwell*, No. 1:22-CV-26-HEA (E.D. Mo.). Because the Court does not allow multiple prisoners to join together in a single lawsuit under Federal Rule of Civil Procedure 20, Stewart was severed from the case and the instant case was opened on his behalf. *See* ECF No. 4. On August 2, 2022, the Court denied Plaintiff's motion to proceed *in forma pauperis* as defective and ordered him to file either a new, completed motion or to pay the full filing fee. *See* ECF No. 7. In that same Order, the Court directed Plaintiff to file an amended complaint, asserting only claims brought on his own behalf. *Id.* The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of this case without further notice. Plaintiff's response was due by September 1, 2022.

To date, Plaintiff has neither responded to the Court's Order, nor sought additional time to do so. Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D. Mo. L.R. 2.01(B)(1). Plaintiff had neither paid the filing fee nor

submitted a non-defective motion to proceed without prepayment. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's August 2, 2022 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of September, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE